IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DES DEVELOPMENT, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:19-cv-03379-MDH |
| ) | |
| REVHONEY, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are Plaintiff DES Development, LLC's ("DES") and Counterclaim Defendants' (DES, Donald E. Skipton, and Bruce Wallace) Motions to Dismiss and Motions to Strike Counterclaims of Defendants RevHoney, Inc,[1] Jerry Brown, and Debra Brown (all "RevHoney"). (Docs. 80-83). Counterclaim Plaintiffs RevHoney filed Suggestions in Opposition (Doc. 86) to the Motions to Dismiss. For the reasons set forth herein, all four Motions to Dismiss are **GRANTED.** Counterclaim Plaintiffs' counterclaims are hereby dismissed pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6).

## BACKGROUND

DES brought suit to enforce an Equipment Rental Agreement ("ERA") against RevHoney and its owners, Jerry Brown and Debra Brown. (Doc. 73, 1). In September 2018, DES entered into the ERA with RevHoney, through which it leased all the equipment covered by DES's leases with North Star Leasing Company to RevHoney for use in its beverage manufacture, bottling, and distribution operations. *Id*. Under the terms of the ERA, RevHoney was required to make the

---

[1] Defendant RevHoney, Inc. at issue in this order is a Kansas corporation. "RevHoney" in this Order does not refer to revHoney Texas, LLC, which is a separate entity formed by Counterclaim Defendants Donald Skipton and Bruce Wallace.

contractually obligated installment payments for all pertinent equipment. *Id*. The Complaint alleges that in mid-2019, Defendant intentionally ceased making any payments due under the ERA and, in August 2019, stated that no further payments would be made. *Id*. at 2. Accordingly, DES alleges in this case that RevHoney is in breach of the ERA, which is the basis of this suit. *Id*.

On June 2, 2020, this Court granted RevHoney's Motion to Enforce Settlement Agreement and held that the portion of the parties' Mediated Settlement Agreement relating to the production and bottling equipment—the subject of the ERA—to be enforceable. (Doc. 49).

RevHoney brought counterclaims to DES's Complaint (Doc. 78), which are the subject of the instant Motions to Dismiss. RevHoney alleges (1) Fraud; (2) Fraud in the Inducement; (3) Tortious Interference with Business Expectancy; (4) Abuse of Process; (5) Breach of Contract; and (6) Estoppel.

The parties are currently engaged in a lawsuit pending in the U.S. District Court for the District of Kansas (the "Kansas Lawsuit"). *Donald E. Skipton and RevHoney Texas, LLC v. RevHoney, Inc., Jerry A. Brown, and Debra Do. Brown,* Civ. A. No.: 2:19-cv-02682-JWB-KGG. In that case, DES's Complaint contains claims of breach of contract, fraud, and shareholder derivative claims related to the investment and shareholder relationship between those parties. RevHoney's counterclaims brought in that case are essentially the same as those brought here.

## STANDARD

In this case, DES seeks to dismiss RevHoney's counterclaims for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and failure to state a claim pursuant to Rule 12(b)(6).

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b)," *id.,* which governs "the venue of all civil actions brought

in district courts of the United States." 28 U.S.C. § 1391(a)(1). Specifically, venue of a civil case is properly laid in the following three categories of judicial district: where "any defendant resides, if all defendants are residents of the State in which the district is located;" where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or where "any defendant is subject to the court's personal jurisdiction with respect to such action," so long as venue is unavailable in any other district. *Id.* § 1391(b). *McCain v. Bank of Am.,* 13 F. Supp. 3d 45, 50–51 (D.D.C. 2014), *aff'd sub nom. McCain v. Bank of Am. N.A.,* 602 F. App'x 836 (D.C. Cir. 2015).

Under a Rule 12(b)(3) analysis, a district court need not accept the pleadings as true and may consider facts outside of the pleadings. *Hesterly v. Royal Caribbean Cruises, Ltd.,* No. 06-3206-CV-S-RED, 2006 WL 2948082, at *2 (W.D. Mo. Oct. 16, 2006) (citing *Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir.1996). This analysis is consistent with the U.S. Supreme Court standard for resolving cases involving forum selection clauses. *Id.* Further, pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's

legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## DISCUSSION

DES is a Texas limited liability company with its principal place of business located Texas. Donald Skipton is a citizen of Texas. RevHoney is a corporation formed under the laws of Kansas, with its principal place of business located in Kansas. RevHoney owns property in Bolivar, Missouri, which is where the production and bottling equipment at issue is being kept. Thus, RevHoney's counterclaims can only have proper venue in this Court if a substantial part of the events giving rise to the claims occurred in Missouri.

The Court finds that RevHoney's counterclaims—other than its Abuse of Process claim—in the case at hand are not sufficiently related to the ERA claims brought in DES's Complaint to satisfy the requirements of federal venue laws. RevHoney's claims of fraud, breach of contract, interference with a business expectancy, and estoppel all relate to alleged investment promises and contracts, which are not invoked by DES's Complaint. Instead, these alleged agreements took place outside of Missouri. RevHoney relies on a few different agreements in alleging that it relied on those agreements to its detriment, or that DES breached those agreements. RevHoney relies on the "Draft Plan"[2] (Doc. 21, Ex. A), the "Stock Purchase Agreement"[3] (Doc. 21, Ex. C, D), and

---

[2] The signed parties to the "Draft Plan" are Debbie Brown, Jerry Brown, Bruce Wallace, and Donald Skipton.
[3] The singed parties to the "Stock Purchase Agreement" are RevHoney and RevHoney Texas, Brice Wallace, and Don Skipton.

"written assurances budgets." (Doc. 78, 14). None of the alleged agreements mention the ERA or equipment leasing in general, but all generally relate to alleged investment agreements or promises that DES, Brice Wallace, or Donald Skipton would invest in RevHoney in exchange for shares. The Stock Purchase Agreements do, however, contain an express choice of jurisdiction and law provision which state that Kansas was the proper venue and Kansas law would apply to disputes arising under the agreements. (Doc. 80, Ex. 3). Notably, these claims are already the subject of the current litigation of the Kansas Lawsuit.

RevHoney's counterclaims and allegations do contain additional language that, due to DES's alleged breach of investment promises, RevHoney did not make payments due under the ERA. However, in a 12(b)(3) analysis, the Court need not accept the pleadings as true and may consider facts outside of the pleadings. *Hesterly* No. 06-3206-CV-S-RED, 2006 WL 2948082, at *2. There is no evidence that the investment promises or agreements relate to the ERA at issue in DES's Complaint before this Court. Accordingly, the Court concludes that it is not the appropriate venue for RevHoney's counterclaims of fraud; fraud in the inducement; breach of contract, tortious interference with a business expectancy, and estoppel.

In the Stock Purchase Agreement (Doc. 80, Ex. C), it is stated that the parties "submit to the jurisdiction of the courts of the State of Kansas for the enforcement of this Agreement or any arbitration award or decision arising from this Agreement, This Agreement will be enforced or construed according to the laws of the State of Kansas." This Agreement, which deals with disputed investment promises and contract at the center of RevHoney's counterclaims, shows a clear declaration by the parties that the appropriate venue for such claims is Kansas. This agreement is acknowledged by the current litigation in Kansas, where the same counterclaims that RevHoney brought here are pending. This Agreement's venue clause is a substantial factor in the

Court's determination that venue for the counterclaims is proper in the District of Kansas and not proper in this forum.

The 8th Circuit has said that "[i]n general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer…typically bears the burden of proving that a transfer is warranted." *Terra Int'l,* 119 F.3d at 695. This "general" practice of according deference, however, is based on an assumption that the plaintiff's choice will be a convenient one. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981*). In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010).

Convenience of the parties and the interests of justice favor dismissal in this case. The parties are already engaged in litigation on these very counterclaims in Kansas Lawsuit based on alleged harms that apparently occurred in Kansas, namely alleged breach promises and contracts relating to investment in RevHoney. Kansas was apparently the agreed-upon venue for these claims relating to the investment claims. Here, these counterclaims are not sufficiently related to the equipment leasing agreement at issue in DES's Complaint. There are additional claims and an additional party in the Kansas Lawsuit as well. *See Sung v. Shinhan Diamond Indus. Co.,* No. 4:13-CV-01072-BCW, 2014 WL 12601078, at *3 (W.D. Mo. Apr. 10, 2014) (Finding that judicial economy favors transfer because of subsequently-filed litigation in the more convenient forum, additional parties in the more convenient forum, and the same subject matter was at issue in the litigation).

These counterclaims are thus dismissed without prejudice pursuant to Rule 12(b)(3). There is no need for the Court to transfer these claims to the appropriate jurisdiction, and they are already the subject of litigation in the proper venue in the Kansas Lawsuit.

RevHoney's counterclaim of abuse of process alleges that DES wrongfully filed a motion for a temporary restraining order ("TRO") before this Court. (Doc. 78, 21). RevHoney alleges that at the time of the hearing for a TRO, DES knew that the judge in the Kansas Lawsuit had ruled that there was no need for the appointment of a receiver to prevent mismanagement of the company or squandering of assets, and that DES had no existing agreement with RevHoney regarding the equipment because DES purchased the equipment from North Star Leasing Company. *Id*.

Abuse of process is (1) an illegal, improper, perverted use of process, (2) done for an improper purpose, (3) resulting in damage. *Impey v. Hart*, 471 S.W.3d 776, 780 (Mo. App. S.D 2015) (citing *Jenkins v. Revolution Helicopter Corp.*, 925 S.W.2d 939, 945 (Mo. App. 1996)). "The essence of a claim for abuse of process is the use of process for some collateral purpose." *Impey*, 471 S.W.3d at 780. RevHoney's claim fails to allege an element of this claim in its Counterclaims, and still does not do so in its Suggestions in Opposition to DES's Motions to Dismiss. (Doc. 86, 16-17). Nowhere does RevHoney allege that DES requested a TRO for an improper collateral purpose. RevHoney's pleading on this claim is a "[t]hreadbare recital[] of the elements of a cause of action," which fails under Rule 12(b)(6). *Ashcroft*, 556 U.S. at 678. Accordingly, RevHoney's counterclaim for abuse of process is dismissed with prejudice.

## CONCLUSION

For the reasons set forth herein, the Plaintiffs' Motions to Dismiss (Docs. 80-83) are **GRANTED**, and each of Defendants' counterclaims as set forth in Defendants' Answer (Doc. 78) are hereby dismissed. Defendants' claims of fraud, fraud in the inducement, breach of contract, estoppel, and tortious interference with a business expectancy, are denied without prejudice pursuant to Rule 12(b)(3). Defendants' claim of abuse of process is dismissed with prejudice

pursuant to 12(b)(6). Transfer of these claims dismissed under 12(b)(3) is not necessary here, as the claims are already pending in the proper venue of the District of Kansas.

**IT IS SO ORDERED.**

Dated: November 6, 2020    /s/ Douglas Harpool
        **DOUGLAS HARPOOL**
        **United States District Judge**