**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**


| | | |
|---|---|---|
| **DES DEVELOPMENT, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  6:19-cv-03379-MDH** |
| | ) | |
| **REVHONEY, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |


## ORDER ON MOTION FOR ATTORNEYS' FEES AND FINAL JUDGMENT

Before the Court is Plaintiff DES Development, LLC's ("DES") Motion for Attorneys' Fees, Taxable Costs, Determination of Pre- and Post-Judgment Interest, and Motion for Entry of Judgment. (Doc. 109). For the reasons set forth herein, the Motion is **GRANTED** and Final Judgment is entered.

## BACKGROUND

This Court granted Plaintiff's Motion for Summary Judgment in full on May 11, 2021. (Doc. 105). The Court found that Defendants had breached its contracts with Plaintiff with respect to both the Equipment Rental Agreement ("ERA") and the Mediated Settlement Agreement ("MSA"). *Id.* Pursuant to the terms of the Equipment Rental Agreement and the MSA, Plaintiff moves the Court to award it its reasonable and necessary attorneys' fees and expenses taxed against Defendants RevHoney, Inc. ("RevHoney"), Jerry Brown, and Debra Brown.

Both the ERA and the MSA between Plaintiff and Defendants expressly entitle Plaintiff to all reasonable attorneys' fees and other associated legal costs. (*See* Doc. 102 at 11–12). The Court found that Defendant RevHoney breached the ERA, and Defendants RevHoney, Jerry Brown, and

Debra Brown breached the MSA. (Doc. 105 at 1). The Court additionally found that Plaintiff is entitled to recover its attorneys' fees from Defendants. (Doc. 105 at 2).

## STANDARD

Rule 54(d) of the Federal Rules of Civil Procedure states, in relevant part, "unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Additionally, "a claim for attorney's fees and related nontaxable expenses must be made by motion." Fed. R. Civ. P. 54(d)(2)(A). "Unless a statute or a court order provides otherwise, the motion must (1) be filed no later than 14 days after the entry of judgment; (2) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (3) state the amount sought or provide a fair estimate of it; and (4) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B).

## DISCUSSION

**1. Equipment Rental Agreement**

Pursuant to the express terms of the ERA signed by Plaintiff and RevHoney, Plaintiff is entitled to recover its attorneys' fees from RevHoney as the prevailing party. Specifically, Section 10 of the Equipment Rental Agreement provides that "the RENTER shall pay all reasonable attorney and other fees, the expenses and costs incurred by OWNER in protection [of] its rights under this rental agreement and for any action taken [by] OWNER to collect any amounts due the OWNER under this rental agreement." This action was brought in part to protect Plaintiff's rights under the ERA, and therefore the Court is entitled to award Plaintiff "all reasonable attorney and other fees [and] the expenses and costs incurred by [Plaintiff]."

**A. Pre-Judgment Interest**

Plaintiff asks for pre-judgment interest for RevHoney's breach of the ERA. Pre-judgment interest on contract claims such as this, are governed by Mo. Rev. Stat. § 408.020. *Barber & Sons Co. v. Nachtigal Farms, Inc. and Gary Nachtigal*, Case No. 16-0404-CV-W-BP, 2017 WL 7725247, at *4, (W.D. Mo. Nov. 08, 2017). Section 408.020 allows for a plaintiff to recover "pre-judgment interest for liquidated claims after a demand for payment is made." *Id.* Indeed, "under Missouri law, where the statute applies, the award of prejudgment interest is mandatory; it is not a matter submitted to the Court's discretion." *Commercial Union Assurance Co. of Australia, G.R.E. Insurance Ltd., Melbourne, and Associated Marine Insurers Agents Pty., Ltd. v. Hartford Fire Insurance Co.*, 86 F.Supp.2d 921, 931 (E.D. Mo. 2000). This statute provides that a plaintiff is entitled "to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made." Mo. Rev. Stat. § 408.020. Here, because neither the ERA nor MSA provided for an applicable interest rate under the contracts' terms, this statute and the applicable nine percent interest rate applies.

RevHoney ceased making contractually obligated payments on June 1, 2019 without notice or justification. DES made a written demand for payment of amounts due under the ERA on June 17, 2019, to Jerry Brown (Doc. 89, Ex. 6). This demand requested payment of the June 2019 rental obligation. *Id.* The express terms of the North Star leases provide that should Defendants cease payments DES "shall be entitled to…an amount equal to *the unpaid balance of the total rent for the initial term* together with reasonable attorney's fees and court costs for collection." (*See* Doc. 89, Ex. B at 4) (emphasis added). This Court's summary judgment order on all claims was entered on May 11, 2021. The length of time between these two dates is 695 days. The total award of

damages was $296,165.99. (Doc. 105). The simple interest calculated at 9% on $296,165.99 comes to $50,753.93.

### B. Post-Judgment Interest

Plaintiff asserts it is entitled to post-judgment interest as well under 28 U.S.C. § 1961. The statute provides that a prevailing plaintiff is allowed to recover post-judgment interest on any money judgment in a civil case decided in district court. § 1961(a). This section calculates post-judgment interest "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [ ] the date of the judgment." *Id*. Accordingly, Plaintiff is entitled to recover post-judgment interest at the rate prescribed by 28 U.S.C. § 1961 on the amount owed by Defendants at any given time until judgment is satisfied.

### C. All Defendants are Liable for Attorneys' Fees Under the Equipment Rental Agreement

Defendants argue that Plaintiff failed to prove that Defendants Jerry Brown and Debra Brown agreed to be responsible for its attorneys' fees related to enforcing the ERA. "Generally, Missouri courts follow the American Rule, which requires each litigant to bear the expense of his or her own attorneys' fees." *Fannie Mae v. University Village Apartments*, 479 S.W.3d 706, 718 (Mo. App. 2015). "An exception to this rule exists where attorney's fees are provided for by contract." *Id*. Courts must, "therefore, turn [ ] to established principles of contract interpretation, keeping in mind that [the] primary goal is to determine the parties' intent and give effect to it." *Id*. (internal quotes and citations omitted). The Court must "further recognize, consistent with the American rule, that Missouri courts have favored the award of attorneys' fees only where a contract expressly authorizes their recovery." *Id*. (internal quotes and citations omitted) (emphasis added). The rules governing construction of contracts similarly apply to a guarantee of indebtedness. *Id*.

"[T]he liability of a guarantor is to be strictly construed according to the terms of the guaranty agreement and may not be extended by implication beyond the strict letter of the obligation." *Id*. at 718-19.

Defendants acknowledge that Jerry and Debra Brown, according to the Court's order, are "liable for any amounts RevHoney is ultimately found due to DES for the breach of the ERA" based on their failure to execute personal guaranties as required by the MSA. (Doc. 102 at 9). The MSA required Jerry and Debra Brown to "execute personal guaranties for the indebtedness contemplated in the Equipment Rental Agreement[.]" Defendants argue that nowhere does the MSA provide that the parties intended "indebtedness" to include attorneys' fees incurred for enforcing the ERA.

This Court previously found that the ERA incorporated the terms of the North Star Leases by virtue of its express terms, which Defendants never disputed. (Doc. 102 at 5-6). The Court also found that Jerry and Debra Brown executed personal guaranties for two of the three North Star Leases. *Id*. at 6. By executing this guaranty, Jerry and Debra Brown expressly agreed to pay all costs of enforcement, including attorneys' fees. (Doc. 89, Ex. 2, 4). The attorneys' fees provision of the ERA itself states, "The RENTER shall pay all reasonable attorney and other fees, the expenses and costs incurred by OWNER in protection its rights under this rental agreement and for any action taken OWNER to collect any amounts due the OWNER under this rental agreement." *Id*., Ex. 1.

The end result is that, under the attorneys' fees provision of the ERA, RevHoney agreed— and Jerry and Debra Brown agreed by incorporation—to pay all DES' reasonable attorneys' fees, expenses, and costs in protecting its rights under the ERA "for any action taken." Therefore, the

Court rejects Defendants' argument and finds that RevHoney, Jerry Brown, and Debra Brown are jointly and severally responsible for Plaintiff's attorneys' fees incurred in this action.

## 2. Mediated Settlement Agreement

Pursuant to the express terms of the MSA signed by all parties, Plaintiff is entitled to recover its attorneys' fees from all defendants. Specifically, Section 6 under "Terms and Conditions" provides that "in the event that any action or proceeding is brought to interpret or enforce any of the terms and conditions of this Agreement, the prevailing Party shall be entitled to have and recover from the other Party all costs and reasonable attorneys' fees incurred in connection therewith." Plaintiff brought this action in part to enforce the terms and conditions of the MSA.

## 3. Plaintiff is Entitled to Attorneys' Fees for Defending Against Defendants' Counterclaims and Plaintiff is Not Required to Differentiate Fees Incurred

Defendants argue that this Court cannot award attorneys' fees to Plaintiff because Plaintiff's motion does not differentiate between fees it incurred to enforce the ERA, fees it incurred to enforce the MSA, or fees it incurred in defending against Defendants' counterclaims. First, the Court found that all three Defendants are jointly and severally liable for Plaintiff's attorneys' fees incurred by its actions enforcing both the ERA and the MSA. Accordingly, there is no need for Plaintiff to differentiate fees between the two.

Defendants argue that neither the ERA nor the MSA obligate any Defendant to pay Plaintiff's attorneys' fees related to defending against Defendants' counterclaims, because the Court previously found that the counterclaims were not sufficiently related to Plaintiff's claims under the ERA or MSA and were already properly before the District of Kansas district court.

In *Hensley v. Eckerhart*, the U.S. Supreme Court stated that while there are numerous factors to consider when making a fee award, "the most critical factor is the degree of success

obtained." *DeWalt v. Davidson Serv./Air, Inc*., 398 S.W.3d 491, 507 (Mo. Ct. App. 2013) (citing *Trout v. State*, 269 S.W.3d 484, 488 (Mo. App. W.D. 2008); *see also Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983)). If the claims for relief have a common core of facts and are based on related legal theories, so that much of counsel's time is devoted generally to the litigation as a whole and rendering it difficult to divide the hours expended on a claim-by-claim basis, such a lawsuit cannot be viewed as a series of distinct claims. *See DeWalt*, 398 S.W.3d at 508. In short, the efforts of the prevailing attorneys should not be discounted where the effort and proof were the same for the claims on which the plaintiff prevailed and those on which he did not. *See id*. (citing *Gilliland v. Mo. Athletic Club*, 273 S.W.3d 516, 524 (Mo. banc 2009)). This is especially true where counsel obtained complete relief for the plaintiff on the successful claims. *See id*.

RevHoney, Inc., Jerry Brown, and Debra Brown's arguments in this case—whether related to their obligations under the Equipment Rental Agreement, Mediated Settlement Agreement, or the North Star Leases—have all stemmed from the contention that there was no longer any contractual privity between DES Development and any Defendant. Plaintiff argues—and the Court agrees—that DES Development's efforts in this case, whether responding to Defendants' counterclaims or prosecuting its affirmative claims, were all related to a common core of facts and are based on related legal theories. Notably, all three Defendants opposed multiple motions to dismiss in this by claiming that their counterclaims were inextricably intertwined with Plaintiff's affirmative claims.

Furthermore, the attorneys' fees provision in the ERA permits Plaintiff to recover its fees incurred in "protecting its rights" under the Equipment Rental Agreement. Plaintiff's efforts to defend against Defendants' counterclaims were directly related to protecting its rights under the

ERA. In fact, had Defendants prevailed on their counterclaims, Plaintiff's claimed rights to the equipment and payments at issue in this action would have been eliminated. Accordingly, Plaintiff is entitled to recover attorneys' fees for efforts undertaken to defend against Defendants' counterclaims.

## 4. Plaintiff's Incurred Attorneys' Fees

Plaintiff asserts that its requested attorneys' fees are reasonable, and Defendants did not dispute this contention. In determining a reasonable amount of attorneys' fees, a reasonable fee is established by calculating the lodestar amount. *InfoDeli, LLC, et al v. Western Robidoux, Inc., et al*, Case No. 4:15-CV-00364-BCW, 2021 WL 1750892, at *4, (W.D. Mo. Mar. 31, 2021). A proper lodestar figure is calculated by taking the reasonable hourly rate and multiplying it by the hours expended throughout litigation. *Id.* In order to substantiate the requested fee amount, the party requesting the fees should provide reliable documentation in support thereof and avoid duplicative and excessive billing. *Id.* (citing *Armstrong v. ASARCO, Inc.*, 149 F.3d 873 (8th Cir. 1998)). Furthermore, in determining whether a fee is reasonable, the Court may consider the factors from the following list:

    a. the time and labor required;

    b. the novelty and difficulty of the legal questions;

    c. the skill requisite to perform the legal services properly;

    d. the preclusion of other employment due to acceptance of the case;

    e. the customary fee;

    f. whether the fee is fixed or contingent;

    g. time limitations imposed by the client or the circumstances;

    h. the amount involved and the results obtained;

    i. the experience, reputation, and ability of the attorneys;

    j. the undesirability of the case;

    k. the nature and length of the professional relationship with the client; and

l. awards in similar cases.

*Id*. Lastly, the Court should consider the locality of where the case was litigated when determining a reasonable hourly rate for the purpose of calculating reasonable attorneys' fees. *Id*.

According to Plaintiff, due to the length of time involved with litigating this case as well the necessity for rigorous motion practice and discovery, Plaintiff has incurred taxable costs in the amount of $683.00 from Johnson & Associates, PLLC and $600.00 from Sanders Warren Russell & Scheer, LLP for a total of $1,283.00. According to Section 1920 of the U.S. Code, "a judge or clerk of any court of the United States may tax as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C.A. § 1920 (2008). Plaintiff is entitled to recover these costs. (*See* Doc. 109, Ex. B, D; affidavits from Plaintiff's lead counsel's law firm and local counsel).

Plaintiff states that this litigation concerned a complicated commercial transaction involving multiple commercial lease documents pertaining to commercial grade beverage production and bottling equipment valued at nearly $500,000.00. According to Plaintiff, despite Plaintiff's consistent efforts to mitigate fees and to resolve this matter, Defendants repeatedly "engaged in dilatory tactics to protract the litigation in this case."

Plaintiff states that Plaintiff's lead counsel, Johnson & Associates, PLLC, spent 611 hours rendering reasonable and necessary legal services during the course of this litigation, which

resulted in Plaintiff incurring $168,393.50 in attorneys' fees and costs from Johnson & Associates, PLLC. Lead counsel Christopher L. Johnson provided services at a rate of $300.00 per hour. Counsel Robert E. Freehill's hourly rate was $275.00; Morgan A. Jenkins' hourly rate was $185.00; and Caroline E. Bossier's hourly rate was $175.00. The Court finds that the hourly rates charged by Johnson & Associates, PLLC, and the number of hours expended are reasonable.

As this case was assigned to the Southern Division of the Western District of Missouri and because Plaintiff's lead counsel maintains his office in the State of Texas, Plaintiff's counsel retained a local attorney who could be available for meetings, hearings, and other legal proceedings as needed. L. R. 83.5(g). Accordingly, Plaintiff's lead counsel Johnson & Associates, PLLC, retained the services of Sanders Warren Russell & Scheer, LLP to serve as local counsel. Consequently, Plaintiff incurred additional attorneys' fees and expenses on behalf of Sanders Warren Russell & Scheer, LLP. Plaintiff's local counsel spent 50.2 hours rendering purported reasonable and necessary legal services during the course of this litigation, which resulted in Plaintiff incurring $12,485.00 in attorneys' fees and costs from Sanders Warren Russell & Scheer, LLP. Counsel S. Jacob Sappington's hourly rate was $275.00; Casey O. Housley's hourly rate was $275.00; and Susan Payne's hourly rate was $125.00. The Court further finds that the hourly rates charged by Sanders Warren Russell & Scheer, LLP and the number of hours expended are reasonable.

## FINAL JUDGMENT

It is **ORDERED, ADJUDGED, and DECREED** that the Court hereby enters final judgment as a matter of law in favor of Plaintiff, DES Development, LLC against Defendants, RevHoney, Inc. ("RevHoney") and Debra and Jerry Brown ("the Browns"), as to all claims asserted against RevHoney and the Browns in this lawsuit. It is further,

**ORDERED** that Plaintiff DES Development, LLC, have and recover from Defendants RevHoney and the Browns, jointly and severally, the sum of $296,165.99 in economic damages resulting from Defendants' breaches of contracts.

The Court finds and concludes that Plaintiff, DES Development, LLC, is entitled to recover its attorneys' fees and taxable costs under the terms of the Equipment Rental Agreement and the Mediated Settlement Agreement entered into by the parties to this lawsuit, as well as Rule 54(d) of the Federal Rules of Civil Procedure and Section 1920 of the U.S. Code. The Court further finds the legal services rendered in prosecuting Plaintiff DES Development, LLC's claims against Defendants, RevHoney and the Browns, are inextricably intertwined to the point of being inseparable because they arise out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of the same facts and circumstances. It is therefore,

**ORDERED**, that Defendants RevHoney and the Browns, are jointly and severally liable to Plaintiff, DES Development, LLC, as to all findings and determinations by this Court related to all claims asserted by DES Development, LLC in this lawsuit. It is further,

**ORDERED**, that Defendants RevHoney and the Browns, are jointly and severally liable to Plaintiff, DES Development, LLC, for the attorneys' fees it incurred in this lawsuit. It is further,

**ORDERED**, that Plaintiff DES Development, LLC, recover from Defendants, RevHoney and the Browns, $179,595.50, jointly and severally, as reasonable and necessary attorneys' fees.

The Court finds and concludes that Plaintiff DES Development, LLC is entitled to recover from Defendants, RevHoney and the Browns, jointly and severally, pre-judgment interest on all amounts awarded in this judgment at a rate of 9.0% from the date Defendant, RevHoney, ceased making contractually obligated payments under the Equipment Rental Agreement on June 1, 2019

until May 11, 2021, the date the Court's order entering summary judgment on all claims was entered. It is therefore,

**ORDERED** that Plaintiff DES Development, LLC recover from Defendants RevHoney, Inc. and the Browns, jointly and severally, pre-judgment interest in the amount of $50,753.93. It is further,

**ORDERED** that Plaintiff DES Development, LLC, recover from Defendants, RevHoney and the Browns, jointly and severally, post-judgment interest on the amount due by Defendants at any given time of the amounts awarded in this judgment, from the date of this judgment at a rate of 6.0% until this Judgment is completely satisfied. It is further,

**ORDERED** that Plaintiff DES Development, LLC, recover from Defendants, RevHoney and the Browns, jointly and severally, its taxable costs of $1,283.00. It is further,

**ORDERED** that DES Development, LLC shall have all such writs and processes as may be necessary to enforce this Judgment.

This is a Final Judgment, all relief not expressly granted in this judgment is denied.

**IT IS SO ORDERED.**

Dated: June 30, 2021                                                  */s/ Douglas Harpool*
                                                                    **DOUGLAS HARPOOL**
                                                                    **United States District Judge**